White, J.
It is claimed in'the first place by counsel for the defendant in error, that the court can not consider the question of error arising on the record, for the reason that no exception was taken by the plaintiff in error to the- *375 judgment of the District Court affirming the judgment of the Court of Common Pleas.
In support of this claim counsel cites the cases of Geauga Iron Co. v. Street, 19 Ohio, 300; and Templeton v. Kramer, 24 Ohio St. 564; but neither of these cases supports the claim. True, in the cause last named, it is said in the opinion, that “ a decision'or ruling of a court not excepted to at the time can not be assigned for error in a reviewing court.” But this must be understood as applying only to cases in which an exception is required, and as indicating the time at which it must be taken, to make it available.
The same question now raised -was decided in the case of the Commercial Bank of Cincinnati v. Buckingham, 12 Ohio St. 402, and the opinion of the court in that ease clearly shows that the sections of the code providing for taking exceptions have no application to cases like the present.
2. It appears from the bill of exceptions that the lease under which the defendant claimed was for a period of two' years, and that only a portion of the time had elapsed at the time of the bringing of the suit. It also appeared that the defendant had used the premises for the unlawful sale of intoxicating liquors as charged in the eomplaiut.
The plaintiff in error claims that the justice had no jurisdiction to inquire into the forfeiture of the lease resulting from the use of the premises, and that on the state of fact he ought to have dismissed the complaint.
The ground assigned for this claim is that the forfeiture should be established by a suit in equity brought for the purpose.
There is no foundation for this claim. A court of equity sometimes relieves against forfeitures, but it is not the forum to which to resort to enforce them. Besides, the principle on which equity administered relief in such cases is not applicable to statutory penalties or forfeitures. These are imposed by way of punishment, not by the mere convention of the parties, but by the law-making power to insure a prescribed course of conduct.
The forfeiture in this case arose under the “ act to provide *376 against the evils resulting from the sale of intoxicating liquors,” as amended April 18,1870, 67 Ohio L. 101.
The seventh section provides that “ the unlawful sale or giving away intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon premises where such unlawful sale or giving away shall take place.”
The facts clearly brought the ease within the operation of this provision; and where the tenant, by the inhibited use of the premises, has forfeited all his rights under the lease, and refuses to surrender to the lessor, we see no reason why the latter may not resort to the action of forcible detention, to recover possession.
"Whether the case also came within the forfeiture declared in the tenth section we need not now inquire.
The difference between the sections in respect to forfeit-lire is, that under section seven, the use of the premises by the tenant for the unlawful sale of intoxicating liquors, renders the lease void at the election of the lessor; but where the lease is made for the purpose of having the premises so used, and this purpose is afterward accomplished by the tenant, the lease, under section ten, becomes void as to both parties.
The forfeiture in Zink v. Grant, 25 Ohio St. 353, came under the seventh section of the act. This appears from the statement of the case. The judge, however, who drew up the opinion of the court in that case, fell into an error in treating the case as one calling for a construction of the tenth section instead of the seventh. As said in the opinion, the provisions of the tenth section did not apply to the lease then in question ; but under the" seventh section the charge of the justice to the jury on the subject of the forfeiture of the lease was correct. And if the judgment of the justice was reversed by the Common Pleas for error in the charge, the application for leave to file a petition in error should have been granted instead of refused. But there were other grounds of error assigned in the Common Pleas, for the reversal of the judgment of the justice, which are *377 not referred to in the report, and the merits of which it is not now deemed necessary to consider.
3. On the trial the defendant offered evidence tending to .show that fixtures had been put up on the premises by the lessees adapting them to the business of the unlawful sale o+‘ intoxicating liquors; that such fixtures were put up with the knowledge of the plaintiff', and. that, he received rent after he knew the premises were -being - used to carry on such business. Also evidence tending to show that the plaintiff' knew, at the time he executed the lease for. the premises, that they were to be used for the unlawful sale -of intoxicating liquors.
The exclusion by the justice of the evidence thus offered, is claimed to be erroneous.
We see no error in the ruling. The ground on which -error is alleged is that the parties are in pari dilecto. But that principle has no application to cases like the present ; and to apply it to such cases would be to contravene the policy of the statute. The object of the statute is to prevent the use of the premises for an unlawful purpose, .and, when the premises are used for such purpose by the tenant, to deprive him of his right to the possession.

Judgment affirmed..

Welch, C. J., Rex, Gilmore, and McIlvaine, JJ.. con-eurred.